[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 31, 1986 at New York, New York. The defendant has resided continuously in this State since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties would have been married 12 years as of May 1998. The parties have lived apart and separate for the past 2 1/2 years. The plaintiff moved to Florida sometime in November 1995 and continues to reside there with her parents. The plaintiff became ill in 1994 and has been diagnosed with Lupus. She has other physical problems such as a mitral valve prolapse, thyroid problem and allergies. She is on medication and is under the care of a Doctor and a physical therapist. She does not anticipate getting any better. The warmer climate in Florida is beneficial to the plaintiff. The plaintiff is 45 years of age. CT Page 4458
The plaintiff's parents, who are 62 years of age and 69 years of age respectively, have contributed emotional and financial support to the plaintiff. The plaintiff is an only child.
The plaintiff presently receives Social Security disability of approximately $529. per month. She obtains medicare health insurance through her SSI. This Insurance does not pay for her prescriptions and medication. The plaintiff also receives a long term disability payment through Revere Insurance in the amount of $533 per month.
The plaintiff is unemployed at this time. It is questionable whether she will be able to obtain full time employment in view of her severe physical problems. The plaintiff earned approximately $20,000 per year when she worked at the Yale Co-op. The plaintiff has a BA Degree in Sociology.
The husband is 50 years of age and in good health. He has a BA Degree as well as a Masters and an Eed — a Doctorate in Education, from Columbia. The husband is a Clinical Director at the Vitam Center and earns approximately $69,000 gross per year.
Both parties were gainfully employed throughout the marriage, except for a short period of time.
The parties handled their financial matters as a business. Each had their own checking account. They equally shared home repairs. The wife paid 1/3 of the household bills and the husband paid 2/3 based on the parties income. The parties kept separate accounts and neither made any claim to the other's account. Each paid their own clothing and personal expenses. The defendant characterized their relationship as financial.
The defendant did not contribute any funds to the plaintiff while she was in Florida. The defendant continued to maintain the marital home in Connecticut in which he resided while the plaintiff was in Florida.
The parties each paid one half of the down payment when they purchased their home. They each paid one half of the refinancing costs in 1992. The fair market value of the home is found to be $170,000 subject to a first mortgage in the amount of $32,886. The parties also purchased together four Limited Partnership Accounts. The dividends were divided based on the parties contribution, 2/3 to the wife and 1/3 to the husband. CT Page 4459
The plaintiff has approximately $20,000 in Bank Accounts. The defendant has been able to accumulate a bank account of approximately $65,200 and a Certificate of Deposit in the amount of $100,000. In addition, he owns 2 antique cars — a 1958 Rolls Royce which he valued at $12,500 and a 1963 Corvette valued at $24,000.
Although on one hand the plaintiff claims she cannot care for herself, on the other hand she has projected expenses for the purchase of a home/condo in Florida close by her parents.
The parties were experiencing marital difficulties before the plaintiff became ill in 1994. The defendant visited the plaintiff in Florida and at that time the parties discussed a divorce and apparently both agreed a divorce was appropriate. The parties led separate lives during the marriage — they had different interests and different wants.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The following orders shall enter.
REAL ESTATE
The plaintiff shall quit claim all her right, title and interest in and to the Real Estate located at 21 Chapel Street, Milford, Connecticut to the defendant. The defendant shall pay to the plaintiff the sum of $65,000.
OTHER PROPERTY
1. The defendant shall be entitled to the motor vehicles as listed on his financial affidavit.
2. The plaintiff shall be the owner of two-thirds (2/3) and the defendant shall be the owner of one-third (1/3) of their jointly owned Limited Partnerships.
3. The plaintiff shall retain her Certificate of Deposit and bank accounts totaling approximately $20,000.
ALIMONY
CT Page 4460
The defendant shall pay to the plaintiff as periodic alimony the sum of $200. per week for a period of 10 years or until the death of either party, the plaintiff's cohabitation as defined by statute or remarriage, whichever event shall first occur. Said term and duration of alimony shall be non-modifiable.
LUMP SUM SETTLEMENT
By way of a Lump Sum Settlement, the defendant shall pay to the plaintiff a lump sum amount of twenty-five thousand dollars ($25,000.) within 60 days of date. With a careful investment of her liquid assets, the plaintiff will be able to generate additional income, in addition to the award of periodic alimony, to provide for her needs.
LIFE INSURANCE
The defendant shall name the plaintiff as irrevocable beneficiary on his present Life Insurance in the amount of $30,000, for so long as he has an alimony obligation. This provision shall be modifiable.
HEALTH INSURANCE
The plaintiff shall be entitled to COBRA Benefits, as available through the defendant's employment, at her expense.
MISCELLANEOUS
1. Each party shall be entitled to retain their assets as reflected in their respective financial affidavits, unless otherwise disposed of herein.
2. Each party shall be responsible for their respective attorney's fees.
3. Each of the parties shall be responsible for their respective debts as listed on their financial affidavits.
COPPETO, J.